O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LESTER PHILLIP BLAKE, JR., | ) | Case No. CV 12-5783-DDP (OP) |
| Petitioner, | ) | |
| | ) | MEMORANDUM AND ORDER RE: |
| v. | ) | DISMISSAL OF PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS (28 U.S.C. § |
| P. D. BRAZELTON, | ) | 2254) AS SUCCESSIVE |
| | ) | |
| Respondent. | ) | |
| | ) | |

**I.**

**INTRODUCTION**

On June 25, 2012, Lester Phillip Brake Jr. ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition").[1]  (ECF No. 1.)

---

[1]  The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).  The Court has utilized the signature date on the current Petition as the relevant filing date since the signature date is the earliest date on which Petitioner could have turned the

(continued...)

1

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court.  Specifically, the Court finds that the Petition is subject to dismissal as second and successive.[2]

## II.

## PROCEDURAL HISTORY

On November 3, 2003, Petitioner was convicted after a jury trial in the Los Angeles County Superior Court of two counts of sexual penetration by foreign object (Cal. Penal Code § 289(a)(1)), forcible rape (Cal. Penal Code § 261(a)(2)), forcible oral copulation (Cal. Penal Code § 288a(c)(2)), and incest (Cal. Penal Code § 285).  (Clerk's Transcript ("CT") at 279-82, 286.)  Petitioner was also convicted of misdemeanor assault (Cal. Penal Code § 240), which was a lesser included offense to assault with intent to commit a felony.  (Id. at 285.)

Petitioner waived jury trial on his prior convictions (Reporter's Transcript ("RT") at 407-10, 486-89) and, in a bifurcated proceeding, the trial court found true the allegations that he suffered three prior convictions, one of which qualified as an enhancement under California Penal Code sections 667.61(a) and (d), and all three of which qualified as strikes under California Penal Code sections 667(a)(1), 667(b)-(i), and1170.12(a)-(d).  (Id. at 549-53.)  On December 18, 2003, Petitioner was sentenced to a total state prison term of 210 years to life with the possibility of parole.  (Id. at 562-63; CT at 491-92.)

---

[1](...continued)
Petition over to the prison authorities for mailing.

[2]  All references to Clerk's Transcript, Reporter's Transcript, and Lodgments are taken from the Report and Recommendation issued in CV 05-7109-DDP (OP).

1   Petitioner appealed the judgment to the California Court of Appeal.
2   (Lodgment 3.)  On September 8, 2004, the court of appeal affirmed the judgment,
3   but remanded the case for resentencing pursuant to <u>Blakely</u>.  (Lodgment 6 at 7,
4   11.)
5       On or about September 22, 2004, Petitioner filed a petition for review in the
6   California Supreme Court.  (Lodgment 7.)  On December 1, 2004, the supreme
7   court denied the petition.  (Lodgment 8.)
8       On March 29, 2005, the matter was remanded to the trial court for
9   resentencing.  (Lodgment 16.)  Petitioner was then sentenced to a total state prison
10  term of thirty-three years.  (<u>Id.</u> at 6; Lodgment 1.)
11      On or about June 16, 2005, Petitioner appealed again to the California Court
12  of Appeal, arguing that his upper term and consecutive term sentences violated the
13  Constitution.  (Lodgment 9.)  On October 26, 2005, the court of appeal affirmed
14  Petitioner's conviction and sentence.  (Lodgment 11.)
15      On October 14, 2005, Petitioner filed a habeas corpus petition in the
16  California Supreme Court.  (Lodgment 12.)  On September 13, 2006, the supreme
17  court denied the petition.  (<u>See</u> California Supreme Court, Case No. S138174.)[3]
18      On November 29, 2005, Petitioner filed a second petition for review in the
19  California Supreme Court.  (Lodgment 14.)  On January 4, 2006, the supreme
20  court denied the petition.  (Lodgment 15.)
21      On September 29, 2005, Petitioner filed his first § 2254 petition in this
22
23  _____
24      [3]  This Court is permitted to take judicial notice of orders, decisions, and
25  proceedings from other courts.  <u>See</u> <u>Holder v. Holder</u>, 305 F.3d 854, 866 (9th Cir.
    2002) (district courts are permitted to take judicial notice of orders and briefs from
26  other courts); <u>United States ex rel. Robinson Rancheria Citizens Council v.</u>
27  <u>Borneo</u>, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of
    proceedings in other courts, both within and without the federal judicial system, if
28  those proceedings have a direct relation to matters at issue").

1   District.  (CV 05-7109 ECF No. 1.)  On March 28, 2006, Petitioner filed a second
2   § 2254 petition in this District.  (CV 06-1856-DDP (OP) ECF No. 1.)  On June 13,
3   2006, this Court consolidated both cases, and CV 05-7109 became the controlling
4   case for all purposes.  On May 1, 2007, Petitioner's Second Amended Petition
5   ("SAP") became the operative pleading.  On August 16, 2011, Judgment was
6   entered denying the SAP and dismissing the action with prejudice.  (CV 05-7109
7   ECF No. 88.)  On August 17, 2011, an Order was entered denying the issuance of
8   a certificate of appealability.  (Id. ECF No. 89.)

9       In 2011 and 2012, Petitioner sought habeas relief in the state courts.
10  However, all of his petitions were denied.  (Pet. Unnumbered Exs.)

11                                      **III.**

12                              **DISCUSSION**

13  **A.     Standard of Review.**

14      This Court may entertain a habeas application on behalf of a person who is
15  in custody pursuant to a state court judgment and in violation of the Constitution,
16  laws, or treaties of the United States.  See 28 U.S.C. § 2254(a).  The Court need
17  neither grant the writ nor order a return if it appears from the application that the
18  applicant is not entitled to relief.  See 28 U.S.C. § 2243.  "If it plainly appears
19  from the face of the petition and any exhibits annexed to it that the petitioner is not
20  entitled to relief in the district court, the judge must dismiss the petition and direct
21  the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254
22  Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks
23  v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate
24  where the allegations in the petition are vague or conclusory, palpably incredible,
25  or patently frivolous or false).

26      Title 28 U.S.C. § 2244 is entitled "Finality of determination" and provides
27  in pertinent part that:

28      (b)(1) A claim presented in a second or successive habeas corpus

                                        4

1    application under section 2254 that was presented in a prior

2    application shall be dismissed.

3    (2) A claim presented in a second or successive habeas corpus

4    application under section 2254 that was not presented in a prior

5    application shall be dismissed unless--

6              (A) the applicant shows that the claim relies on a new

7              rule of constitutional law, made retroactive to cases on

8              collateral review by the Supreme Court, that was

9              previously unavailable; or

10             (B)(i) the factual predicate for the claim could not have

11             been discovered previously through the exercise of due

12             diligence; and

13             (ii) the facts underlying the claim, if proven and viewed

14             in light of the evidence as a whole, would be sufficient to

15             establish by clear and convincing evidence that, but for

16             constitutional error, no reasonable factfinder would have

17             found the applicant guilty of the underlying offense.

18   (3)(A) Before a second or successive application permitted by this

19   section is filed in the district court, the applicant shall move in the

20   appropriate court of appeals for an order authorizing the district court

21   to consider the application.

22   28 U.S.C. § 2244(b).

23        Generally speaking, a petition is second or successive if it raises claims that

24   were or could have been adjudicated on the merits in a previous petition. Cooper

25   v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001). Moreover, although a

26   dismissal based upon the statute of limitations does not include an examination of

27   the merits of the underlying substantive claims presented in the petition, such a

28   dismissal is considered an adjudication of the merits for purposes of determining

5

1   whether a subsequent petition is successive under the AEDPA.  McNabb v. Yates,

2   576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as

3   time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits

4   and renders a subsequent petition second or successive for purposes of 28 U.S.C. §

5   2244(b)); Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003).

6       As set forth above, before a second or successive application permitted

7   under 28 U.S.C. § 2244 is filed in the district court, the applicant shall move in the

8   appropriate court of appeals for an order authorizing the district court to consider

9   the application.  28 U.S.C. § 2244(b)(3)(A).  Furthermore, "[a] district court shall

10  dismiss any claim presented in a second or successive application that the court of

11  appeals has authorized to be filed unless the applicant shows that the claim

12  satisfies the requirements of this section."  28 U.S.C. § 2244(b)(4); see also

13  Cooper, 274 F.3d at 1274 (once petition recognized as "second or successive"

14  under § 2244(b), district court lacks jurisdiction to consider petition absent

15  authorization from court of appeals) (citations omitted).

16  **B.    Analysis.**

17      It appears from the face of the Petition that Petitioner is challenging the

18  same 2003 conviction in the Los Angeles County Superior Court of two counts of

19  sexual penetration by foreign object (Cal. Penal Code § 289(a)(1)), forcible rape

20  (Cal. Penal Code § 261(a)(2)), forcible oral copulation (Cal. Penal Code §

21  288a(c)(2)), and incest (Cal. Penal Code § 285), as the prior § 2554 petition filed

22  in this District.  (Compare CV 05-7109 ECF No. 1 with CV 12-5783 ECF No. 1.)

23  On August 16, 2011, Judgment was entered denying the prior petition and

24  dismissing the action with prejudice.  (CV 05-7109 ECF No. 88.)  Petitioner has

25  not filed a notice of appeal from that Judgment, nor has he filed a request for a

26  certificate of appealability in the Ninth Circuit.

27      In the current Petition, Petitioner seeks to raise numerous additional claims

28  that were not presented in his prior § 2254 petition.  (Pet. at 4-7.)  Since the

current Petition is successive, Petitioner must seek an order from the Ninth Circuit Court of Appeals authorizing this Court to consider the Petition.  28 U.S.C. § 2244(b)(3)(A).  This Court finds no indication that Petitioner has obtained such approval prior to the filing of the current Petition.  Thus, this Court lacks jurisdiction to address the merits of the Petition.  See 28 U.S.C. § 2244(b)(3); Cooper, 274 F.3d at 1274 (stating that failure to request the requisite authorization to file a second or successive § 2254 petition from the circuit court deprives the district court of jurisdiction).

## IV.

## ORDER

IT IS THEREFORE ORDERED that the Petition is hereby dismissed without prejudice as successive, and Judgment shall be entered accordingly.

The Deputy Clerk of the Court is directed to send Petitioner a copy of this Order.

DATED:  October 23, 2012

_____
HONORABLE DEAN D. PREGERSON
United States District Judge

Presented by:

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge

7